**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY JOSEPH THOMAS, CDCR #J-05107, <br><br> Plaintiff, <br><br> vs. <br><br> VALENCIA; GONZALEZ; TAYLOR; JONES; RICHARD J. DONOVAN WARDEN; CONEVILLO; C/O TORRES, <br><br> Defendants. | Case No. 19-cv-0774-BAS-MSB <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS** <br><br> **[ECF No. 2]** <br><br> **AND** <br><br> **2) DISMISSING COMPLAINT AND SUPPLEMENTAL COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

On April 24, 2019, Plaintiff, Larry Joseph Thomas, a state inmate currently housed at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 in the Eastern District of California. (ECF No. 1.) In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.) On April 26, 2019, United States Magistrate Judge Erica P. Grosjean transferred the matter to the Southern District of California. (ECF No. 3.) Before this Court could conduct the required *sua sponte* screening per 28 U.S.C. § 1915(e)(2) and § 1915A, Plaintiff filed a document entitled "Amend Complaint." (ECF No. 6.) Because it is not clear whether Plaintiff

1

intended this to be an amended pleading or a supplement to his original Complaint, the Court will conduct a *sua sponte* screening of this document ("Suppl. Compl.")[1] along with his original Complaint.

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no

---

[1] The nature of this document is far from clear and contains virtually no specific factual allegations.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. (*See* ECF No. 2); *Andrews*, 398 F.3d at 1119. This certificate shows that Plaintiff had an available balance of $0.00 at the time of filing. Therefore, the Court will not assess Plaintiff an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court grants Plaintiff leave to proceed IFP, declines to "exact" the an initial partial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Acting Secretary for the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.** *Sua Sponte* **Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

3

19cv774

2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

A.    **Plaintiff's Factual Allegations**

On June 11, 2018, Plaintiff claims he was the "victim of staff's misconduct" by RJD correctional officers.  (Compl. at 3.)  There was a "sounded alarm" which resulted in Plaintiff "taken down to the ground by custody staff."  (*Id.*)  Plaintiff was "repeatedly punched and kicked in the face and upper body" by "second watch yard responding staff members." (*Id.*)

On October 16, 2018, Plaintiff "inform[ed] C/O A. Hernandez[3]" that he "planned on dropping the assault and battery charge issue." (*Id.*) Plaintiff further informed Hernandez that he "wished to have noted that [he] was missing [his] personal property" which was "confiscated on June 11, 2018." (*Id.*) Plaintiff was "physical[ly] unable to get out of bed after the physical attack." (*Id.*) Plaintiff "planned originally to drop the assault and battery charges" if RJD correctional officers would "just return all the confiscated property." (*Id.*)

Following the alleged assault on June 11, 2018, Plaintiff was told to "roll up" his personal items by Sergeant Gonzalez so he could be moved to a different cell. (*Id.* at 4.) Plaintiff was supposed to have received an "inventory form" sheet which would list the personal property that was confiscated. (*Id.*) However, Plaintiff claims Defendant Taylor failed to provide him with a "copy of the inmates inventory property sheet." (*Id.* at 5.) Plaintiff claims that his personal property is "missing." (*Id.*) Plaintiff seeks damages in the amount of the "fair value" of his personal property which he calculates to be $355.00. (*Id.* at 6.)

## B.     42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). The Court addresses each type of constitutional claim Plaintiff seeks to raise based on the Complaint's allegations.

### 1.     Personal Property Claims

Plaintiff claims prison officials have "lost or misplaced personal state prisoner

---

[3] Hernandez is not a named Defendant.

purchased properties." (Compl. at 5.) The Due Process Clause of the Fourteenth Amendment protects against deprivations of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The United States Supreme Court has also held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

California's tort claim process provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").[4] Accordingly, Plaintiff's property deprivation claims are dismissed for failure to state a claim upon which relief may be granted.

### 2. Excessive Force Claims

Although the Court finds that Plaintiff has raised allegations of excessive force that are sufficient to state a claim, he has not identified which individuals he claims used excessive force against him. (*See* Compl. at 3–4.) It is not clear from his Complaint or his Supplemental Complaint whether he is alleging that any of the named Defendants were

---

[4] Plaintiff filed a second supplemental document for his complaint on May 22, 2019, which provides additional information concerning his allegedly lost property. (ECF No. 8.) Plaintiff estimates a $350 value for the property. (*Id.* at 3.) Claims concerning this alleged property are appropriately raised in state small claims courts, not in a Section 1983 action in federal court.

involved in the claims of excessive force. Accordingly, the Court will give Plaintiff leave to amend in order to specifically identify the parties whom he claims are responsible for the alleged excessive force.

### 3.  Inadequate Mental Health Care Claim

In Plaintiff's Supplemental Complaint, he appears to allege that his "right to mental health treatment, psychiatry care" have been violated. (*See* Suppl. Compl. at 2.)  However, Plaintiff offers no specific factual allegations to support this claim.

In order to allege a violation of the Eighth Amendment for inadequate medical or mental health care, Plaintiff must satisfy both an objective and a subjective standard. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).  Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).  "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Plaintiff must plead the existence of an objectively serious medical or mental health need. *McGuckin*, 974 F.2d at 1059–60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")  Here, neither Plaintiff's Complaint, nor his Supplemental Complaint adequately address the nature of Plaintiff's mental health care needs.  However, even if the Court found that Plaintiff's pleadings provided sufficient allegations of a serious mental health care need, it is clear that both the Complaint and Supplemental Complaint fail to include any further "factual content" to show that any Defendant acted with

19cv774

1 "deliberate indifference to [his] serious medical needs." *Jett v. Penner*, 439 F.3d 1091,

2 1096 (9th Cir. 2006), quoting *Gamble*, 429 U.S. at 104.

3      Plaintiff does not set forth any specific allegations that a specific Defendant acted

4 with deliberate indifference to his plight by "knowing of and disregarding an excessive risk

5 to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Iqbal*, 556 U.S.

6 at 678; *Twombly*, 550 U.S. at 557. Therefore, the Court must dismiss Plaintiff's inadequate

7 mental health care needs claims for failure to state a claim.

8      **4.    Supervisory Liability**

9      Plaintiff also names the Warden of RJD as a Defendant but offers no specific factual

10 allegations as to what the Warden is alleged to have done or failed to do in violation of his

11 constitutional rights.

12      "The inquiry into causation must be individualized and focus on the duties and

13 responsibilities of each individual defendant whose acts or omissions are alleged to have

14 caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988),

15 citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460

16 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999)

17 ("Causation is, of course, a required element of a § 1983 claim.") A person deprives

18 another "of a constitutional right, within the meaning of section 1983, if he does an

19 affirmative act, participates in another's affirmative acts, or omits to perform an act which

20 he is legally required to do that causes the deprivation of which [the plaintiff complains]."

21 *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against

22 the RJD Warden because he has failed to allege facts regarding what actions were taken or

23 not taken by this Defendant which caused the alleged constitutional violations. Therefore,

24 the Court must dismiss RJD Warden from this action for failure to state a claim.

25                           **CONCLUSION & ORDER**

26      Based on the foregoing, the Court:

27      1.     **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2).

28      2.     **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from

Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4.  **DISMISSES** Plaintiff's Complaint and Supplemental Complaint (ECF Nos. 1, 6) *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5.  **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff shall file an amended complaint **no later than June 24, 2019**.

Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6.  The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

**IT IS SO ORDERED.**

**DATED: May 22, 2019**

Hon. Cynthia Bashant
United States District Judge