1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LARRY JOSEPH THOMAS,
CDCR #J-05107,

                              Plaintiff,

        vs.

VALENCIA; GONZALEZ;
TAYLOR; JONES; RICHARD J.
DONOVAN WARDEN; CONEVILLO;
C/O TORRES,

                              Defendants.

Case No. 19-cv-0774-BAS-MSB

**ORDER:**

**(1) DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)**

**AND**

**(2) DENYING AS MOOT MOTION TO AMEND/CORRECT [ECF No. 12]**

Plaintiff Larry Joseph Thomas, a state inmate currently housed at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. Following this Court's order granting him IFP status and dismissing the prior pleadings, Plaintiff has filed the Second Amended Complaint ("SAC") and a motion to amend/correct. (ECF Nos. 10, 12.) For the reasons herein, the Court dismisses the SAC and denies as moot the motion to amend/correct.

# PROCEDURAL HISTORY

Plaintiff initially filed his Complaint ("Compl.") in the Eastern District of California. (*See* ECF No. 1.) On April 26, 2019, United States Magistrate Judge Erica P. Grosjean transferred the matter to the Southern District of California. (ECF No. 3.) Before this Court could conduct the required *sua sponte* screening per 28 U.S.C. § 1915(e)(2) and § 1915A, Plaintiff filed a document entitled "Amend Complaint." (ECF No. 6.) Because it was not clear whether Plaintiff intended this to be an amended pleading or a supplement to his original Complaint, the Court conducted the *sua sponte* screening of this document ("Suppl. Compl.") along with his original Complaint. (ECF No. 9.) In the May 22, 2019 Order, the Court granted Plaintiff's motion to proceed IFP and *sua sponte* dismissed his Complaint and Supplemental Complaint for failure to state claim upon which relief could be granted. (ECF No. 9 at 8–9.) Plaintiff was granted leave to amend to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.* at 9.)

On June 5, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 10.) In addition, Plaintiff has filed a document entitled "Petition for Habeas Corpus Writ and Civil Rights Complaint Motion" which the Court liberally construed as a "Motion to Amend." (ECF No. 12.) While not entirely clear, it appears that Plaintiff is seeking additional time to respond to the Court's May 22, 2019 Order. (*See id.* at 1–2.) Because Plaintiff has already responded to the Court's Order by filing his SAC, the motion is moot.

# *SUA SPONTE* SCREENING

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**A.    42 U.S.C. § 1983**

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

19cv774

## B. Plaintiff's Factual Allegations

The Court finds that Plaintiff's SAC contains very few factual allegations and is disjointed. Nevertheless, the Court has distilled the following allegations and claims.

First, Plaintiff claims Defendant Valencia has "yet to attempt to negotiate" with Plaintiff regarding the "filed claims in the United State District Courts in the State of California." (SAC at 3.) Plaintiff claims that Valencia was notified that he is a "named Defendant in the June 11th 2018 incident." (*Id.*) Plaintiff does not describe or provide any specific factual allegations about the "June 11th 2018 incident." Plaintiff alleges he has only "gotten the delay and stalling treatments" by staff at RJD. (*Id.*)

Second, Plaintiff claims Defendant Gonzales was "present on June 11, 2018. (*Id.* at 4.) It is not clear what specific events took place but it appears that Plaintiff alleges he was attacked "by her, C/O Gonzales, the acting Sergeant." (*Id.*) Plaintiff alleges that the RJD "staffers and supervisor administrators" have been "notified of the charges that are presently filed" against RJD. (*Id.*)

Third, Plaintiff contends that RJD's "appeals coordinators are still purposely misinterpreting" his administrative grievances. (*Id.* at 5.)

Fourth, Plaintiff also adds several documents to his SAC which include allegations that he is being "tortured" by "water boarding" by RJD officials. (*Id.* at 10.) He also purportedly is attempting to sue the "Air Force, Army" for their "crimes against California State prisoners." (*Id.* at 12.) Plaintiff also claims China is the "number one public worst enemy to all Americans." (*Id.* at 13.) He purportedly seeks to bring an action on behalf of the NAACP to "try again to ask the Americans – United States of America, and U.S. Government Courts to stop crimes against [California State] prisoners." (*Id.* at 14.)

Plaintiff seeks injunctive relief in the form of a reimbursement for his "lost purchased properties," $355.00 in compensatory damages, and $1000 in punitive damages. (*Id.* at 7.)

## C. Waived Defendants

In Plaintiff's SAC, he no longer names as Defendants Taylor, Warden for RJD, and

Conevillo or refer to them within the body of the SAC. In the Court's May 22, 2019 Order, Plaintiff was informed that when he filed his amended pleading any "[D]efendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")." (ECF No. 9 at 9.) Accordingly, the Court deems the claims against Defendants Taylor, Warden for RJD, and Conevillo waived and dismisses these Defendants from this action.

**D.     Frivolous claims**

Many of Plaintiff's claims are indecipherable and may be delusional. Plaintiff appears to be attempting to bring criminal charges against the United States armed forces for "spying" on California inmates and refers to a California Superior Court Judge as the "meanest woman in the world." (SAC at 14–22.)

A pleading is "factual[ly] frivolous[]" under § 1915 if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). As noted above, Plaintiff's SAC contains irrational allegations which are difficult to decipher. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328). Plaintiff's allegations meet these standards because they "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33.

Therefore, these claims found in Plaintiff's SAC must be dismissed as frivolous.

**E.     Excessive Force claims**

Plaintiff also alleges that he was "attack[ed]" by Sergeant Gonzales On June 11, 2018 but offers no other factual allegations relating to this incident. (SAC at 4.) Any physical application of force against a person in custody, whether it be through brute strength, chemical or other weaponry, or mechanical restraint, may not be excessive. *See Whitley v. Albers*, 475 U.S. 312 (1986) (prison shooting); *Hudson v. McMillian*, 503 U.S. 1 (1992) (prison beating); *LeMaire v. Maass*, 12 F.3d 1444, 1450–53, 1457, 1460 (9th Cir. 1993) (prison's use of in-shower and in-cell leg and waist restraints). "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 10 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). In order to violate the Eighth Amendment, the Defendant must use force which is "unnecessary" and "wanton." *Whitley*, 475 U.S. at 319. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Id*. Thus, a constitutional violation can only be established if force was used "maliciously and sadistically for the purpose of causing harm." *Id*.; *see also Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (claims that an official has inflicted cruel and unusual punishment contain both an objective component as well as a subjective "inquiry into the prison official's state of mind").

Here, the Court finds that Plaintiff's claims, due to a lack of sufficient factual allegations, fail to rise to the level of an Eighth Amendment violation. There are no factual allegations from which the Court could find that any of the named Defendants acted with malicious or sadistic intent. Thus, Plaintiff's Eighth Amendment excessive force claims are dismissed for failure to state a claim upon which relief may be granted.

19cv774

**F.    Grievance claims**

Plaintiff also alleges that unnamed "Appeals Coordinators" are "purposely mis-interpreting" his grievances.  (SAC at 5.)  However, a prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability.  *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860).  Accordingly, Plaintiff's Fourteenth Amendment due process claims are dismissed for failure to state a claim upon which relief may be granted.

**G.    Leave to Amend**

In light of his *pro se* status, the Court **GRANTS** Plaintiff leave to amend his Eighth Amendment claims with respect to Defendant Gonzales. *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).  As to Plaintiff's remaining claims, however, the Court **DENIES** leave to amend as futile.  *Id.* (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

**CONCLUSION & ORDER**

For the foregoing reasons, the Court:

(1)    **DISMISSES** Taylor, Warden for RJD, and Conevillo as Defendants from this action and directs the Clerk of Court to terminate these Defendants from the docket;

(2) **DISMISSES** Plaintiff's Second Amended Complaint (ECF No. 10) *sua sponte* for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b);

(3) **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff may file the Amended Complaint **no later than July 25, 2019**.

Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); and

(4) **DENIES AS MOOT** Plaintiff's Motion to Amend/Correct (ECF No. 12).

(5) The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

**IT IS SO ORDERED.**

DATED: **June 25, 2019**

Hon. Cynthia Bashant
United States District Judge