# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOSEPH THOMAS, CDCR #J-05107,<br><br>                    Plaintiff,<br>vs.<br><br>VALENCIA; GONZALEZ; TAYLOR; JONES; RICHARD J. DONOVAN WARDEN; CONEVILLO; C/O TORRES,<br><br>                    Defendants. | Case No. 19-cv-0774-BAS-MSB<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

      Plaintiff Larry Joseph Thomas, a state inmate currently housed at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed his Complaint ("Compl.") in the Eastern District of California. (*See* ECF No. 1.) On April 26, 2019, United States Magistrate Judge Erica P. Grosjean transferred the matter to the Southern District of California. (ECF No. 3.) Before this Court could conduct the required *sua sponte* screening per 28 U.S.C. § 1915(e)(2) and § 1915A, Plaintiff filed a document entitled "Amend Complaint." (ECF No. 6.) Because it was not clear whether Plaintiff intended this to be an amended pleading or a supplement to his original Complaint, the

1

Court conducted the *sua sponte* screening of this document ("Suppl. Compl.") along with his original Complaint. (ECF No. 9.) In a May 22, 2019 Order, the Court granted Plaintiff's motion to proceed IFP and *sua sponte* dismissed his Complaint and Supplemental Complaint for failure to state claim upon which relief could be granted. (ECF No. 9 at 8–9.) Plaintiff was granted leave to amend to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.* at 9.) On June 5, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 10.) The Court, once again, conducted the required *sua sponte* screening and dismissed Plaintiff's SAC for failing to state a claim upon which relief could be granted and as frivolous. (ECF No. 13 at 8.) Plaintiff was again granted leave to file an amended pleading. On July 8, 2019, Plaintiff filed his Third Amended Complaint ("TAC"). (ECF No. 17.) For the reasons herein, the Court dismisses Plaintiff's Third Amended Complaint ("TAC") without leave to amend.

## *SUA SPONTE* SCREENING

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his TAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### A. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Frivolous claims

The Court finds that Plaintiff's TAC contains no specific factual allegations and is disjointed. Plaintiff claims that the Court "would not allow" Plaintiff "to be heard fairly or establish" his civil rights case. (TAC at 9.) However, Plaintiff claims he has "addressed the U.S. Fed. Civil matters appropriately constitutionally." (*Id.*)

A pleading is "factual[ly] frivolous[]" under § 1915 if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable

facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992). As noted above, Plaintiff's TAC contains irrational allegations which are difficult to decipher. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328). The Court finds Plaintiff's allegations meet these standards because they "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33. Therefore, these claims found in Plaintiff's TAC must be dismissed as frivolous.

## C. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as opportunities to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## CONCLUSION & ORDER

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend as frivolous

4

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

DATED: August 13, 2019

Hon. Cynthia Bashant
United States District Judge